**CT Corporation**

**Service of Process Transmittal**
03/23/2020
CT Log Number 537435465

TO: ALDI Legal Team
ALDI INC.
1200 N Kirk Rd
Batavia, IL 60510-1477

RE: **Process Served in Tennessee**

FOR: Aldi Inc. (Tennessee) (Domestic State: TN)



**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | ROBERT LEE LONDON AND WIFR MARY LOUSIDE LONDON PLTF. vs. CT CORPORATION SYSTEMS DFT. // TO: ALDI INC |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2020161 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 03/23/2020 postmarked on 03/19/2020 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 03/24/2020, Expected Purge Date: 03/29/2020<br><br>Image SOP<br><br>Email Notification, ALDI Legal Team legal@aldi.us |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| For Questions: | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of 1 / CP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

```
$7.60
US POSTAGE
03/19/2020
From 37027
0 lbs 2 ozs

026W0004897295
Pitney Bowes
9049337968
```

USPS FIRST-CLASS™ MAIL

George R. Fusner, Jr.
Partin-Ray Building
7104 Peach Ct
Brentwood TN 37027-5204

Return Receipt Requested

C033

CT CORPORATION SYSTEMS
300 MONTVUE RD
KNOXVILLE TN 37919-5510

7014 0510 0000 2282 2943

# STATE OF TENNESSEE
# SUMMONS



## IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

Robert Lee London
**Plaintiff**
and Wife Mary Louise London
**Plaintiff**

vs.

ALDI, Inc. c/o Registered Agent
**Defendant**
CT Corporation Systems
**Defendant**
300 Montvue Rd., Knoxville, TN 37919
**Defendant**

CIVIL ACTION NO. 2020-161

Service By:
☐ Sheriff
☒ Attorney
☐ Sec. Of State
☐ Comm. Of Insurance

---

To the above named Defendant:

You are hereby summoned and required to serve upon George R. Fusner, Jr. plaintiff's attorney, whose address is 7104 Peach Court Brentwood, TN 37027, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Debbie McMillan Barrett, Circuit Clerk for said Court at office this 19 day of March, 20 20

Circuit Court Clerk

---

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk Court Clerk, 135 4th Avenue South, Franklin, TN 37064.

IN THE CIRCUIT COURT OF TENNESSEE
TWENTY FIRST JUDICIAL DISTRICT
WILLIAMSON COUNTY AT FRANKLIN

FILED
WILLIAMSON COUNTY
CIRCUIT COURT
2020 MAR 19 AM 8:21

| | |
|---|---|
| ROBERT LEE LONDON and WIFE MARY LOUISE LONDON, <br><br> Plaintiffs <br><br> vs. <br><br> ALDI, INC. <br><br> Defendant. | ENTERED_____ <br><br> DOCKET NO. **2020-161** <br> {JURY DEMANDED |

## COMPLAINT

COME NOW the Plaintiffs, Robert Lee London and wife Mary Louise London through Counsel, for their cause of action against the Defendant, Aldi, Inc., would state unto the Court as follows:

1. The Plaintiffs Robert Lee London and Mary Louise London, reside at 2871 Sutherland Drive, Thompson's Station, Williamson County, Tennessee 37179.

2. The Defendant, Aldi, Inc., is a for-profit corporation which owns a store located at 4917 Main Street, Spring Hill, Tennessee 37174. The Registered Agent for Aldi. Inc., is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

3. That, this Court has jurisdiction and venue since all acts contained herein took place in Williamson County, Tennessee.

4. That on April 1, 2019 at approximately 6:00 p.m., the Plaintiff, Robert Lee London, entered the Aldi, Inc, located at 4917 Main Street, Spring Hill, Tennessee 37174. After he finished shopping he approached the cashier checkout counter. He was distracted by some

1

items in the discount basket which was next to the second checkout counter that was closed. After looking at the discount items he headed back to checkout counter one. As he was walking to checkout counter one, he tripped over the corner of the lower base of the checkout counter two. The lower base was hidden with Easter flowers that were on display at the time creating a trip and fall hazard.

5. That, the Defendant was negligent in placing the Easter flowers, in such a fashion that obscured a trip hazard that could reasonably be foreseen, when an individual would walk by it, that it would cause injury to persons walking by it.

6. That the Defendant, had a duty to maintain and place all objects in the store in a safe manner to avoid obscuring a trip hazard when it was obvious that the items would be in the walk way of customers causing injury. The discount display location caused the patrons to be distracted from their path of walking as well. It created an attractive nuisance.

7. This dangerous and unsafe condition had existed for such a length of time that in the exercise of ordinary care, the Defendant had constructive and/or actual knowledge of the hazard because it was a known condition.

8. That the dangerous and unsafe condition was created by the Defendant's employees.

9. That the Easter flower display was placed it such a way that it hid the trip hazard from customers. The negligent acts and omissions of the Defendant, in negligently creating a dangerous condition where to wit:

    a. By failing to provide a safe environment for a business' invitee to use walkways meant for them;

  b.  By failing to keep and maintain said premises in a safe and proper condition for the use of the business invitees;

  c.  By failing to disclose or warn the Plaintiff or other business invitees of the defective and dangerous condition of the walkway; and

  d.  By placing the Easter flowers in a hazardous place obscuring a trip hazard.

All of these acts were the proximate cause of the Plaintiff falling and resulting personal injuries.

  10.  At the time and place aforesaid, the Defendant so recklessly or negligently maintained, operated, or controlled said premises so as to cause the Plaintiff, Robert Lee London, to be injured thereon at a time when the Defendant caused the premises to be unsafe or knew by the exercise of ordinary care, or should have known, that said walkway and flower display area were not in a reasonably safe condition commensurate with the circumstances of its use by patrons and other business invitees.

  11.  That the Defendant further employed incompetent, inexperienced, unskilled or careless employees and/or failed to exercise proper supervision of said employees in maintaining the checkout area in a proper safe condition, thereby causing serious injuries to the Plaintiff as herein alleged. Pleading further in the alternative, at the time and place aforesaid, the Defendant knew or should have known of the existence of the dangerous environment and trip and fall hazard for a period of time sufficient to put the Defendant on notice. The Defendant failed under its duty to both keep the area from being a fall hazard or to warn business invitees of the dangerous condition. Pleading further in the alternative, the Defendant' employees knew of the existence of this dangerous fall hazard and in the exercise of their duty to maintain said area in a reasonably safe condition for the invitees use, carelessly and negligently maintained said area so

3

Case 3:20-cv-00339   Document 1-2   Filed 04/21/20   Page 6 of 8 PageID #: 11

that it was in fact a hazard and it caused the Plaintiff to trip and fall, substantially injuring himself in the process.

12. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff, Robert Lee London, has suffered bodily injury which has resulted in pain and suffering, mental anguish, medical expenses for treatment both past, present and future, and for permanent injury. The Plaintiff deserves the right to claim any such damages to which he is entitled under the laws of the State of Tennessee.

13. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Mary Louise London, has suffered loss of consortium damages as a result of the injuries to her husband, Robert Lee London.

WHEREFORE, the Plaintiffs demand as follows:

1. That process issue against the Defendant, requiring it to appear and answer;

2. That upon trial of this cause, that the Plaintiffs be awarded all of the damages claimed by them and allowed by the laws of the State of Tennessee in the amount of $ 100,000.00 or such other sum as the enlightened conscience of the trier of fact shall determine;

3. That the Plaintiffs recover all of their costs, litigation expenses, and discretionary costs as may be permitted by applicable law; and

4. For such other further and general relief as the justice of their cause may require.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

4

Respectfully submitted,

_____
George R. Fusner, Jr. BPR #005614
*Attorney for Plaintiff*
Partin Ray Building
7104 Peach Court
Brentwood, Tennessee 37027
Telephone: (615) 251-0005
Facsimile: (615) 379-2303
E-Mail: gfusner@aol.com